# STATE OF MICHIGAN

# COURT OF APPEALS

---

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

KURQE E. LOVE, also known as KURQE
EUGENE LOVE,

        Defendant-Appellant.

UNPUBLISHED
December 20, 2016

No. 328662
Wayne Circuit Court
LC No. 15-000307-FC

---

Before: SAAD, P.J., and METER and MURRAY, JJ.

MURRAY, J., (*concurring*).

I fully concur in the majority opinion to affirm defendant's conviction. I write separately to point out the glaring deficiencies within defendant's brief on appeal.

It is not an overly burdensome task to submit a brief to this Court that complies with our court rules. Setting aside the ministerial task of putting together a table of contents, a statement of issues presented, index of authorities and jurisdictional statement, see MCR 7.212(C)(2)-(5), for a statement of facts a practitioner must simply set forth in an objective manner the material facts relevant to the appeal, with citations to the record. MCR 7.212(C)(6). With respect to the argument, the practitioner must set out the applicable standard of review, and then set forth the controlling authority (whether caselaw, statute, court rule or rule of evidence) and the facts supporting that argument, followed by a conclusion. MCR 7.212(C)(7)&(8). A brief following these basic court rules will most always adequately present the issues for our Court to resolve. The brief filed by defendant comes nowhere close to meeting even these basic requirements.

To defense counsel's credit, the statement of facts is in substantial compliance with the court rule, as there are repeated citations to the record for the vast majority of factual statements. But with respect to what occurred during preliminary hearings and what defense trial counsel should have done during trial, defense counsel makes numerous argumentative and rhetorical statements, which is not permitted. *Id*. Nevertheless, if the rest of the brief was similar to the statement of facts, this concurring opinion would be unnecessary.

However, the argument section contains many glaring deficiencies. First, the argument's appearance. Amongst the seven pages comprising the argument section there are at least three pages that contain different appearances, i.e., type on one page is in bold while others are not, while other pages have portions that appear to be literally cut and pasted onto a page and then

recopied.[1]  Setting those aesthetics aside, a second deficiency is that for his second argument defendant attempts to set forth the standard of review, but in doing so simply sets forth a principal of law related to self-defense.  As the prosecutor recognizes, that principal of law is not a standard of review.  Third, in addressing ineffective assistance of counsel, defense counsel attempts to incorporate arguments into the principal brief that are contained in an attached appendix.  I am very much in favor of having appendices as part of briefs on appeal, but it is quite another thing to try to incorporate into the argument section of a brief a legal argument contained in an appendix.  Although not impermissible, it is not a proper way to present an argument to this Court.  See *Ile v Foremost Ins Co*, 293 Mich App 309, 328-329; 809 NW2d 617 (2011), rev'd on other grds by 493 Mich 915 (2012).  More curiously, when we occasionally come across these incorporation attempts, it is because the principal brief is on the doorstep of 50 pages.  But here, the brief is only 16 pages long, and the appendix containing the additional arguments regarding ineffective assistance of counsel is only three pages, thus leaving one to wonder why those arguments weren't simply (and properly) placed into the brief.

Finally, and if all of this were not enough, defense counsel's final argument is that defendant's constitutional right to a jury trial was violated when a bench trial was conducted without obtaining a waiver from defendant.  In support of this argument, defendant sets forth an accurate quotation from the trial court's opinion that had rejected this argument.  The trial court quotation includes a quotation from the trial transcript where defendant affirmatively waived his right to a jury trial (the record also contains a signed jury trial waiver form).  One may reasonably ponder how an attorney could argue that his client's constitutional rights were violated when his own brief contains quotations from the trial transcript where defendant affirmatively waived that right.  According to defense counsel, because the trial court did not *provide a citation to the transcript* that it was citing from, and it did cite the transcript in other portions of its opinion, there was no record evidence of a waiver.  No argument could be more frivolous.  The trial court transcript contains defendant's unequivocal waiver, the trial court quoted from that transcript in denying defendant's arguments on this ground, and despite all of that, defendant *still* pushes that argument to this Court.

There is no doubt that appointed counsel are often underpaid and often do not have the resources that many firms, prosecutors or the state appellate defender's offices have.  It is also obvious that defendants often demand that their attorneys make arguments that may not be supported by the facts or the law.  But that does not excuse the brief filed by defense counsel in this case.  It was not a lack of resources that produced this brief; it was a lack of effort.  And even if defendant wanted the jury trial waiver issue to be argued on appeal, defense counsel should have informed him that it was a completely unsound and untenable argument to make, and if defendant persisted, he could have filed a standard 4 brief on the issue.

---

[1] For more recent members of the bar, I am not describing a cut and paste done on computers, which leaves to the eye no trace of having been done.  This appears to have been done the old-fashioned way.

In the end, of course, our Court has independently reviewed the arguments that were raised and thoroughly examined the entire trial court record to ensure that no error was made as alleged by defendant. The majority opinion more than adequately explains why no such error occurred. That is why I join in affirming the trial court's judgment.


/s/ Christopher M. Murray